LODGED PROP ORDER

FILED
CLERK, U.S. DISTRICT COURT

JAN 31 2013

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1   CRAIG BIERKO
2   489 Hudson Street
    New York, NY 10014
3   646.808.5127

4

5   DEFENDANT IN PRO PER

6

7                    UNITED STATES DISTRICT COURT
8               CENTRAL DISTRICT OF CALIFORNIA

9

10

11

12   HANK AZARIA, an individual, and      )   Case No.: 12-cv-09732-GAF-RZ
     HOW TO PICTURES, INC., a            )
13   California corporation,             )   NOTICE OF MOTION AND
                                         )   MOTION TO SET ASIDE ENTRY
14                                       )   OF DEFAULT PURSUANT TO
                    Plaintiff,           )   FED. R. CIV. P. 55(c) AND
15                                       )   OPPOSITION TO APPLICATION
16        vs.                            )   FOR DEFAULT JUDGEMENT BY
                                         )   COURT
17   CRAIG BIERKO, an individual,        )
18                                       )
                    Defendant.           )   Hearing Date: Feb. 11, 2013
19                                       )   Time: 9:30 a.m.
20                                           Judge: Gary A. Feess
                                             Courtroom: 740
21

22   TO THE HONORABLE COURT AND TO ALL PARTIES:

23        PLEASE TAKE NOTICE that on February 11, 2013 at 9:30 a.m., or as soon

24
     thereafter as this matter may be heard in the above-entitled Court located at 255 East
25
26   Temple Street, Los Angeles, CA 90012-3332, Craig Bierko, the Defendant in this case,

27

28
     - 1 -
     NOTICE OF MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT PURSUANT TO FED. R. CIV. P.
     55(c)

1    will move this Court to set aside entry of default for good cause, pursuant to Rule 55(c)

2    of the Federal Rules of Civil Procedure.

3

4        This motion is based upon the attached Memorandum of Points and Authorities,

5    Declaration in Support, the complete files and records in this action, and upon such

6    oral and documentary evidence as may be allowed at the hearing of this motion.

7

8        This motion is made following the conference of counsel pursuant to L.R.

9    7-3 which took place on December 21st  2012 when I attempted to call opposing

10   counsel, followed by email, to request they set aside the motion for default which was

11

12   nevertheless filed by Plaintiff's counsel on December 26th.

13

14   DATED: January 29, 2013      By: _____

15                                     CRAIG BIERKO
                                       Defendant in Pro Per

16

17

18

19

20

21

22

23

24

25

26

27

28

1  CRAIG BIERKO
2  489 Hudson Street
   New York, NY
3  646.808.5172

4

5  DEFENDANT IN PRO PER

6

7               UNITED STATES DISTRICT COURT
8               CENTRAL DISTRICT OF CALIFORNIA

9

10  HANK AZARIA, an individual, and      ) Case No.: 12-cv-09732-GAF-RZ
    HOW TO PICTURES, INC., a             )
11  California corporation,              ) **MEMORANDUM OF POINTS AND**
                                         ) **AUTHORITIES IN SUPPORT OF**
12                                       ) **MOTION TO SET ASIDE ENTRY**
              Plaintiff,                 ) **OF DEFAULT PURSUANT TO**
13                                       ) **FED. R. CIV. P. 55(c) AND**
14    vs.                                ) **OPPOSITION TO APPLICATION**
                                         ) **FOR DEFAULT JUDGEMENT BY**
15  CRAIG BIERKO, an individual,         ) **COURT**
                                         )
16                                       )
              Defendant.                 )
17                                       ) **Hearing Date:** Feb. 11, 2013
18                                       ) **Time:** 9:30 a.m.
                                         ) **Judge:** Gary A. Feess
19                                       ) **Courtroom:** 740

20  _____

21

22      Defendant respectfully submits this Memorandum of Points and Authorities in

23  Support of Defendant's Motion to Set Aside Entry of Default.

24

25  //

26  //

27  //

28  //

- 1 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF
DEFAULT PURSUANT TO FED. CIV. P. 55(c)

1    //

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF
DEFAULT PURSUANT TO FED. R. CIV. P. 55(c)

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................ 1

II. STATEMENT OF FACTS AND PROCEDURAL HISTORY ...................... 1

III. ARGUMENT ................................................................................. 3

    A. Defendant's Delay in Responding to the Lawsuit was Not Culpable. ..... 4

    B. Defendant Has a Meritorious Defense to the Lawsuit. ............................ 6

    C. Plaintiff Will Not Suffer Prejudice If Entry of Default Is Set Aside........ 7

IV. CONCLUSION ................................................................................. 8

**TABLE OF AUTHORITIES**

**Cases**

*Audio Toys, Inc. v. Smart AV Pty Ltd.*, 2007 U.S. Dist. LEXIS 44078 (N.D. Cal. June 6, 2007) ....................................6, 7

*Bateman v. United States Postal Service*, 231 F.3d 1220 (9th Cir. 2000) ............. 7

*Bonita Packing Co. v. O'Sullivan*, 165 F.R.D. 610 (C.D. Cal. 1995)......... 4

*Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922 (9th Cir. 2004) .............................................................................3, 4

*Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508 (9th Cir. 1986). ............... 6

*Meadows v. Dominican Republic*, 817 F.2d 517 (9th Cir. 1987) ................. 4

*TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691 (9th Cir. 2001)..........4, 7

**Statutes**

Fed. R. Civ. P. 55(c)....................................................................... 1, 3, 4, 8

Fed. R. Civ. P. 60(b)(1) ..............................................................................3, 4

**I. INTRODUCTION**

The Court should set aside entry of default against Defendant pursuant to Fed.

R. Civ. P. 55(c) because there is good cause for Defendant's delay in appearing in this

action. Defendant Craig Bierko appears pro se on behalf of himself only.

**II. STATEMENT OF FACTS AND PROCEDURAL HISTORY**

Plaintiff filed a lawsuit against Defendant on November 14, 2012.  According to

the Proof of Service on file with this Court, Defendant was served on November 21,

2012.  The Court entered default against Defendant on December 20, 2012.

Defendant became aware of the lawsuit on: November 14, 2012. (Decl. of Defendant ¶

3.)  Defendant found out about the lawsuit because [_Served at residence in New York

City

_____]. (Decl. of Defendant ¶ 3.)

Defendant took the following actions in response to the lawsuit :

Through my transactional entertainment lawyer I engaged in extensive good faith

negotiations to settle.

As the deadline to respond approached Plaintiff's council removed a key provision

without my knowledge and without any explanation.

- 5 -

On the return date, December 17, 2012, Plaintiff refused my request for an extension to

in order to obtain litigation council in order to I answer or move.

Acting Pro Se, I attempted to move for an extension by calling and writing the court

and informing the Plaintiff's council.

(Decl. of Defendant ¶ 4.)

Defendant did not file a response to the lawsuit with the Court on time for the

following reasons:

Settlement negotiations had been ongoing and continued up to the deadline, at which

time I discovered that several key terms had been removed from the final draft release

without my knowledge and without any explanation.

Until this point I had no reason to engage litigation council and, on or about December

17, 2012, I asked the plaintiff for an extension of at least thirty days in order to move

but the plaintiff refused.

Acting Pro Se I called the court myself to move for an extension, which I followed

with an E-mail to both the court and the plaintiff's attorneys, believing the motion to

extend was now in process.

Despite being aware that I had asked the court for an extension to answer or move the

plaintiff nevertheless requested default judgement on December 19, 2012.

(Decl. of Defendant ¶ 5.)

- 6 -

The following facts support Defendant's defenses to this lawsuit:

1) I reside in New York City where the plaintiff owns a second home, the District of California is not convenient and travel is prohibitively expensive.

2) At this point I do not know if the plaintiff has obtained copyright registration for the property in question.

3) Under California "pitch" rules, the plaintiff agreed never to exploit the property in question without my consent.

4) I dispute most of the plaintiff's factual allegations.

(Decl. of Defendant ¶ 6.)

## III. ARGUMENT

Federal Rule of Civil Procedure 55(c) provides that an entry of default may be set aside upon a showing of good cause. Fed. R. Civ. P. 55(c). The Ninth Circuit's good cause standard for setting aside entry of default is the same as that for setting aside default judgment under Rule 60(b), but the test for setting aside entry of default is less rigid and is more generous to the party in default. *Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925 (9th Cir. 2004).

The Court considers three factors when deciding whether to set aside default: (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; and (3) whether setting aside default would prejudice the plaintiff. *Id.* at 925-26. In addition, "[t]he law does not favor defaults," and "therefore, any doubts as to whether a party is in default should be decided in favor of the defaulting party." *Bonita Packing Co. v. O'Sullivan*, 165 F.R.D. 610, 614 (C.D. Cal. 1995).

**A. Defendant's Delay in Responding to the Lawsuit was Not Culpable.**

In the Ninth Circuit, analysis of "culpability" for the purposes of demonstrating "good cause" under Rule 55(c) overlaps with the standard for "excusable neglect" under Rule 60(b)(1). *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001) (questioned on other grounds); *also see Meadows v. Dominican Republic*, 817 F.2d 517, 522 (9th Cir. 1987) (finding that the conduct of defendants in district court was culpable because defendants were aware of federal law, and their intentional failure to respond to the action was not excusable neglect). The Ninth Circuit finds a negligent failure to respond excusable if the defaulting party offers a credible, good-faith explanation for the delay that negates "any intention to take advantage of the

- 8 -

1  opposing party, interfere with judicial decision-making, or otherwise manipulate the

2
3  legal process." *Knoebber*, 244 F.3d at 697-98. Further, in analyzing culpability, the

4
5  Court may consider a defendant's exigent personal matters, his mental state, and his

6
7  lack of familiarity with legal matters. *See id.* at 699 (finding defendant's delay in

8
9  response not culpable because she was grieving the death of her husband and was not

10  familiar with the legal system).

11
12  While Defendant did not file a response with the Court in time, Defendant's

13
14  conduct was excusable because

15  1) Negotiations on a draft settlement were ongoing up until the last day.

16
17  2) For two thirds of the twenty one day period I was working eighteen hour days

18  as a guest actor on a television show during which I communicated with my attorney

19  between shots, during my commute, meals and preparation for the following day.

20

21
22  3) Thanksgiving and Christmas holidays made it impossible for me to

23
24  communicate with my contractual attorney or seek litigation council.

25
26  4) Believing progress had been made, I read the final settlement draft (dated on

27
28  or around December 14th, 2012) and discovered that opposing council had removed

- 9 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF
DEFAULT PURSUANT TO FED. R. CIV. P. 55(c)

1  key provisions without my knowledge and demanded I sign or risk a default judgement

2  and enormous court fees.

3

4

5      5) I was unaware of my right to act Pro Se and request time from the court

6  directly and that, despite opposing council's preference,  the court does not expect me

7

8  to forfeit my right to defend my property. I believed I had to choose between  a release

9  that had been changed without my knowledge or risk the remainder of my savings to

10  pay court fees and the terms of a default judgement against me. At this point a friend

11

12  explained my right to call the court Pro Se and request more time time. After making

13  the call, following it with an E-mailed request and notifying opposing council I

14

15  believed the motion was proceeding and would be granted.

16

17

18

19      Defendant had no intent to gain an advantage over the opposing party or to delay

20  legal proceedings. As Defendant's delay in response was due to excusable neglect, the

21

22  Court should find that Defendant's conduct was not culpable.

23

24  **B. Defendant Has a Meritorious Defense to the Lawsuit.**

25      A defense is considered meritorious if "there is some possibility that the

26

27  outcome of the suit after a full trial will be contrary to the result achieved by the

28

- 10 -

1  default." *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986).

2

3  All that is required is an assertion of "a factual or legal basis that is sufficient to raise a

4

5  particular defense; the question of whether a particular factual allegation is true is

6

7  resolved at a later stage." *Audio Toys, Inc. v. Smart AV Pty Ltd.*, 2007 U.S. Dist.

8

9  LEXIS 44078, *8 (N.D. Cal. June 6, 2007).

10       Defendant has the following defenses to this lawsuit:

11  *(Explain your responses to the lawsuit and include supporting facts.)*

12

13  _____Meritorious Defense to Lawsuit

14  1) I live in NYC as does plaintiff. Central District of California adds a number of

15  prohibitive expenses and unnecessary inconveniences, including travel,

16

17  accommodations to find representation.

18  2) I dispute plaintiff's factual allegations.

19

20  3) I am unaware whether or not the plaintiff has registered the copyrights of the

21  property in question.

22

23  4) Plaintiff breached an agreement with me not to use the property in question.

24  5) others to be determined after engaging council.

25  _____

26  _____

27  _____    _____

28  _____    _____

- 11 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF
DEFAULT PURSUANT TO FED. R. CIV. P. 55(c)

1    If Defendant prevails on these defenses, the outcome would be contrary to the

2    result achieved by default. Therefore, Defendant has set forth a meritorious defense

3
4    and satisfies the second good cause factor.

5    **C. Plaintiff Will Not Suffer Prejudice If Entry of Default Is Set Aside.**

6    Prejudice is determined by whether a party will be hindered in pursuing its

7
8    claim. *See Knoebber*, 244 F.3d at 701. The fact that a party may be denied a quick

9    victory is not sufficient to deny relief from default judgment. *Bateman v. United States*

10
11   *Postal Service*, 231 F.3d 1220, 1225 (9th Cir. 2000). "The delay must result in tangible

12
13   harm such as loss of evidence, increased difficulties of discovery, or greater

14
     opportunity for fraud or collusion." *Audio Toys*, 2007 U.S. Dist. LEXIS at *9.
15

16   Allowing the case to move forward on the merits after only a short delay should

17
18   not prejudice Plaintiff's ability to litigate its case. The only prejudice that might result

19
20   to Plaintiff by a denial of default judgment is that Plaintiff will not be able to ensure an

21   easy victory. As no prejudice will result to Plaintiff in reopening this case, the third

22
23   and final good cause factor is satisfied.

24   Defendant is ready and willing to litigate this lawsuit. Defendant's delay in

25
26   responding was not culpable, Defendant has meritorious defenses, and Plaintiff will

27
     not suffer any prejudice in pursuing its claims if default is set aside. Therefore,
28

- 12 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF
DEFAULT PURSUANT TO FED. R. CIV. P. 55(c)

1   Defendant has met the good cause standard of Rule 55(c) and this Court should set

2   aside the entry of default against him.

3   **IV. CONCLUSION**

4

5       Based on the above reasons, this Court should grant Defendant's motion.

6

7

8   DATED: January 29, 2013        By: _____

9                                       CRAIG BIERKO
                                        Defendant in Pro Per
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 13 -

1    CRAIG BIERKO
2    489 Hudson Street
     New York, NY 10014
3    646.808.5127

4    DEFENDANT IN PRO PER
5

6

7

8                    UNITED STATES DISTRICT COURT
9                    CENTRAL DISTRICT OF CALIFORNIA

10

11   HANK AZARIA, an individual, and          ) Case No.: 12-cv-09732-GAF-RZ
     HOW TO PICTURES, INC., a               )
12   California corporation,                    )
                                                ) **DEFENDANT'S DECLARATION IN**
13                                              ) **SUPPORT OF MOTION TO SET**
14            Plaintiff,                         ) **ASIDE ENTRY OF DEFAULT**
                                                ) **PURSUANT TO FED. R. CIV. P.**
15       vs.                                    ) **55(c) AND OPPOSITION TO**
                                                ) **DEFAULT JUDGEMENT BY**
16   CRAIG BIERKO, an individual,            ) **COURT**
17                                              )
            Defendant.                          )
18                                              ) **Hearing Date:** Feb. __, 2013
19                                              ) **Time:** 9:30 a.m.
                                                  **Judge:** Gary A. Feess
20                                                **Courtroom:** 740

21   _____

22

23       I, CRAIG BIERKO, declare as follows:

24       1. I am the Defendant in the above-entitled case.

25

26       2. I have personal knowledge of the following facts, and, if called as a witness, I

27   could and would competently testify thereto.

28
     - 1 -
     DEFENDANT'S DECLARATION IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT PURSUANT
     TO FED. R. CIV. P. 55(c)

1

2

3

4      3. I became aware of this lawsuit on  November 14, 2012 . I found out about this

5

6  lawsuit because: I was served at home in New York City.

7      4. I responded to the lawsuit by taking the following actions:

8

9      Through my transactional entertainment lawyer I continued to engage in

10  extensive good faith negotiations to settle.

11

12     As the day to answer approached Plaintiff's council removed key provisions

13  without my knowledge or any explanation.

14

15     On the answer date, December 17, 2012, Plaintiff refused my request for an

16  extension to obtain litigation council in order to answer or move.

17

18     Having no other choice, I acted Pro Se and attempted to move for an extension

19  by calling and writing the court and informing the Plaintiff's council.

20

21

22

23

24

25     5. My delay in filing a response to the lawsuit was not intentional. I did not file

26  timely formal response to the lawsuit for the following reasons:

27

28

- 2 -

DEFENDANT'S DECLARATION IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT PURSUANT
TO FED. R. CIV. P. 55(c)

1    Shortly after being served at my home in New York City on November 21st,

2   2012 I was hired for two weeks of work on a television episode in Los Angeles.

3

4    Working eighteen hour days (not including preparation for the following day) I

5   remained certain that fair settlement terms could be negotiated, communicating with

6

7   my attorney via E-mail and phone messages between shots, while eating meals and

8   during my commute.

9

10    More than two thirds of my time to return an answer was spent balancing the

11   demands of a professional commitment with the Plaintiff's sudden reticence to

12

13   negotiate any of my required terms.

14    Feeling coerced to sign a settlement agreement lacking any of my required

15

16   terms, opposing council intimated that failure to sign the release would be met with a

17   motion for default judgement and potentially enormous financial loss.

18

19    As the answer date approached, Plaintiff's attorney sent me a "final draft" of the

20   release, insisting it be signed and returned immediately. After noticing that key terms

21   had been removed I was given no explanation and assured there would be no further

22

23   negotiation, these were the terms. Take it or leave it.

24    Confused by the covert nature of Plaintiff's last minute change to the release, my

25

26   attorney's suggestion to sign (despite the removal of terms he had approved and added

27   on my behalf) and how to respond to these unmentioned, unchallenged changes in light

28

- 3 -

DEFENDANT'S DECLARATION IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT PURSUANT
TO FED. R. CIV. P. 55(c)

1   of opposing council's threat to move for a default judgement against my wishes,

2   possibly at the expense of my future security.

3

4       I felt coerced by opposing council to choose between a release that no longer

5   included any of my required terms and the possibility of financial ruin.

6

7       Despite having less than a month to answer a lawsuit I consider to be baseless, I

8   have done my utmost to negotiate terms that would allow me to move on from this

9

10  unfortunate experience.

11

12      After feeling coerced to sign a covertly changed release, my requests for a

13  modest extension to find representation that could help me understand my legal rights

14  and consider my alternatives in light of these sudden changes have been refused.

15

16      As the date to answer fell on a day when many people travel for the Holidays a

17  substantive exchange between myself and my attorney was not possible.

18

19      Without understanding the ramifications of the Plaintiff's last-minute changes -

20  and believing I had to choose between signing an unacceptable release or almost

21  certain financial ruin - a friend explained, just hours before what I believed to be my

22

23  deadline, that the court doesn't want me to forfeit my property without first hearing my

24  argument -  that, despite opposing council's coercion and intimations, I have the right

25  to act Pro Se and move for an extension on my own behalf.

26

27

28
    - 4 -

1      Following procedure at the same time I was learning it, I followed a phone

2

3    message to the officer of the court with an E-mailed request of my desire to move for

4    an extension, which I also sent to opposing council.

5

6      Within a few days the officer of the court called to tell me that the judge for the

7    case had been transferred and that I now needed to call the Pro Se clinic in order to

8    move for an extension.

9

10      When the woman with whom I spoke pulled up the court docket she informed

11    me that, despite notification of my attempt to move, opposing council had filed a

12

13    motion for default within the hour without notifying either myself or my attorney.

14      6. The following facts support my defenses to this lawsuit: Following facts

15

16    support my defense to this lawsuit:

17      1) I live in New York City

18

19      2) I dispute Plaintiff's factual allegations.

20

21      3) I created the property in question during college, introduced it to the Plaintiff

22    in or around 1990. After Plaintiff asked for and was denied permission to develop my

23    property as a screenplay vehicle featuring himself, Plaintiff agreed not to further

24    develop the property without my permission.

25

26      Plaintiff has broken our agreement and acted contrary to California "pitch" rules.

27    I have witnesses who can attest to this.

28

- 5 -

1      7. I have no reason to believe Plaintiff will suffer prejudice if the Court grants

2 this motion.

3

4      8. For nearly two years I have sought a resolution which I believe is possible - in

5 fact, the day after receiving my notice to move for an extension Pro Se opposing

6

7 council offered to add a few of the terms I require back into the release.

8      Plaintiff's council is trying to leverage the county's rules against me rather than

9

10 act in good faith toward a fair resolution.

11

12 _____

13

14

15 I declare under penalty of perjury that the foregoing is true and correct.

16 Executed on January 29 2013, in New York, New York.

17

18 Sign: _____

19

20 Print Name: CRAIG BIERKO
            Defendant in Pro Per

21

22

23

24

25

26

27

28

  - 6 -

DEFENDANT'S DECLARATION IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT PURSUANT
TO FED. R. CIV. P. 55(c)