LINKS: 17, 19

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 12-09732 GAF (RZx) | Date | February 22, 2013 |
|---|---|---|---|
| Title | Hank Azaria v. Craig Bierko et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**          **(In Chambers)**

### ORDER TO SHOW CAUSE RE: PERSONAL JURISDICTION

Plaintiffs Hank Azaria and How To Pictures, Inc. ("Plaintiffs") have moved for default judgment against Defendant Craig Bierko ("Defendant" or "Bierko"), seeking declaratory relief regarding (1) copyright ownership of the "Jim Brockmire Character"[1] and (2) Defendant's threatened claim of breach of implied contract. (Docket No. 17 [Application for Default Judgment ("App.")] at 2.) In response, pro se Defendant Bierko has filed a motion to set aside the entry of default against him. (Docket No. 19 [Motion to Set Aside Default ("Mot.")].)

"In most circumstances, a defect in personal jurisdiction is a defense that may be asserted or waived by a party." In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) (citing Fed. R. Civ. P. 12(h)(1)). However, "[w]hen entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." Id. "To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place." Id.; see also William W. Schwarzer et al., Rutter Group Practice Guide: Federal Civil Procedure Before Trial, Calif. & 9th Cir. Editions § 6:214 (2012) ("The principle that a party may silently suffer a default judgment and later challenge personal jurisdiction is a foundational principle of federal jurisdictional law." (citing Jackson v. FIE Corp., 302 F.3d 515, 522 (5th Cir. 2002))); DFSB Kollective Co., Ltd. v. Bing

---

[1] Plaintiffs allege that the "Jim Brockmire Character" is a baseball announcer who speaks with peculiar speech inflections that Plaintiffs have termed the "Azaria Voice." (Docket No. 1 [Complaint ("Compl.") ¶¶ 1–3.) Plaintiffs further allege that, as a result of a popular short video produced for the comedy website "Funny or Die" involving the Jim Brockmire Character, that Plaintiffs have been "entertain[ing] discussions to develop a feature length motion picture based upon the Jim Brockmire Character who uses the Azaria Voice." (Id. ¶ 3.)

**LINKS: 17, 19**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-09732 GAF (RZx) | Date | February 22, 2013 |
|----------|------------------------|------|-------------------|
| Title    | Hank Azaria v. Craig Bierko et al | | |

<u>Yang</u>, No. 11–cv–01051 CW (NC), 2012 WL 1835710, at *2–3 (N.D. Cal. May 21, 2012) (on motion for default judgment, ordering plaintiffs to show cause why the magistrate should not recommend to the district court that the action should be dismissed for lack of personal jurisdiction and improper venue).

Sua sponte consideration of this issue is particularly appropriate here because, although Bierko does not use the term of art, "personal jurisdiction," he appears to effectively challenge the Court's exercise of personal jurisdiction over him in his Motion to Set Aside Entry of Default. Bierko explains that he "reside[s] in New York City where [Azaria] owns a second home," and that "the District of California is not convenient and travel is prohibitively expensive." (<u>Id.</u> at 7.) He further alleges that he was "[s]erved at [his] residence in New York City." (<u>Id.</u> at 5.)

Under federal due process standards, to exercise personal jurisdiction over a non-resident defendant, "that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" <u>Schwarzenegger v. Fred Martin Motor Co.</u>, 374 F.3d 797, 801 (9th Cir. 2004) (quoting <u>Int'l Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945)). However, the Court has no means of assessing Bierko's contacts with California because Plaintiffs' Complaint and subsequent filings are completely silent on this issue. Accordingly, Plaintiffs are **ORDERED TO SHOW CAUSE no later than close of business March 1, 2013,** why this case should not be dismissed for lack of personal jurisdiction. The hearing on Plaintiffs' Application for Default Judgment and Defendant's Motion to Set Aside the Entry of Default presently scheduled for March 4, 2013, is **CONTINUED** to **March 11, 2013.**

**IT IS SO ORDERED.**