LINK: 37

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-09732 GAF (RZx) | Date | May 3, 2013 |
|---|---|---|---|
| Title | Hank Azaria v. Craig Bierko et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     (In Chambers)

## ORDER DENYING EX PARTE APPLICATION

     Plaintiffs Hank Azaria and How-To Pictures ("Plaintiffs") have filed this ex parte application seeking "an order allowing all parties to this action to commence discovery immediately notwithstanding that the early meeting of counsel pursuant to FRCP 26(f) has not yet taken place." (Docket No. 37 [Ex Parte Application ("App.")] at 2.)  Plaintiffs urge that they have "repeatedly attempted to schedule this required early meeting of counsel with Defendant Craig Bierko ("Bierko") who is defending himself pro se, but Bierko has refused to participate in it." (Id.)  Plaintiffs insist that "[a]n order by this Court allowing all parties to commence discovery is therefore necessary so that [the Court's] April 1, 2013 Order, exhorting the parties 'to begin discovery and conduct it actively at the earliest possible time,' can be properly adhered to." (Id.)

     Plaintiffs' Ex Parte Application is **DENIED**.  As an initial matter, Plaintiffs have made no attempt to demonstrate that they meet the standard required for ex parte relief.  To obtain ex parte relief, a party must show that: (1) it will be irreparably harmed but for ex parte relief; and (2) it is without fault in creating the need for ex parte relief.  Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995).  As Plaintiffs fail to even mention this standard, it is perhaps unsurprising they make no persuasive argument that it is met here.

     Furthermore, it appears that, even assuming Bierko was initially reluctant to participate in the Rule 26(f) early meeting of counsel, a Court order mandating his participation is no longer necessary.  Plaintiffs argue that Bierko's insistence that he needed additional time to retain counsel prior to the Rule 26(f) meeting is nothing more than an "excuse" that Bierko has used "to delay these proceedings for months now." (App. at 5.)  But Bierko has, in fact, retained counsel and has agreed to "promptly conduct a Rule 26(f) conference as soon as [his counsel is] up to speed on the

LINK: 37

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 12-09732 GAF (RZx) | Date | May 3, 2013 |
|---|---|---|---|
| Title | Hank Azaria v. Craig Bierko et al | | |

case." (Docket No. 40 [Opposition ("Opp.")] at 2.) "Defendant Bierko's counsel anticipate that they will be prepared for a meaningful and thorough Rule 26(f) conference within the next two weeks." (Id.)

     Thus, because Plaintiffs have failed to meet the requisite standard for ex parte relief and their need for the requested relief is now moot, Plaintiffs' Ex Parte Application is **DENIED**.

     **IT IS SO ORDERED.**