UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9732 GAF (RZx) | Date | February 21, 2014 |
|---|---|---|---|
| Title | Hank Azaria v. Craig Bierko et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Stephen Montes Kerr | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:**      **(In Chambers)**

### ORDER RE: MOTION FOR SUMMARY JUDGMENT

### I.
### INTRODUCTION

   Plaintiffs Hank Azaria ("Azaria") and How To Pictures, Inc. ("How To") (collectively, with Azaria, "Plaintiffs"), bring this copyright action against Defendant Craig Bierko ("Bierko" or "Defendant").  (Docket No. 1 [Complaint ("Compl.")].)  They launched the suit in 2012, after Bierko informed Plaintiffs that their web-series character, a baseball announcer named Jim Brockmire, infringed on Bierko's own "Baseball Announcer Character."  The action seeks only declaratory judgment as to the Parties' interests, and Plaintiffs now move for summary judgment.  (Docket No. 52 [Mot. for Summ. Judgment ("Mem.")].)

   There are no genuine issues as to the material facts surrounding:  (1) the Parties' copyright interest in their respective characters—"Jim Brockmire" for Plaintiffs, and "Baseball Announcer Character" for Defendant; or (2) the existence of an implied contract between the Parties.  Because the undisputed facts indicate that Plaintiffs have a copyright in Jim Brockmire, while Defendant does not have a copyright in Baseball Announcer Character, Plaintiffs' motion for summary judgment must be **GRANTED**.  The Court details its reasoning below.

/ / /

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9732 GAF (RZx) | Date | February 21, 2014 |
|---|---|---|---|
| Title | Hank Azaria v. Craig Bierko et al | | |

## II.
## BACKGROUND

Azaria is an actor known for his ability to perform in many different voices. (Docket No. 54-1 [Statement of Genuine Disputes ("SGD")] ¶ 2.)[1] Since at least 1986, the voices have included a "sports announcer voice."[2] (Id. ¶¶ 19–20.) After creating the voice, Azaria used it around one of his friends, Matthew Perry, and they have "performed gags involving" this voice at least 50 times since then. (Id. ¶ 21.)

In 1990, Mr. Perry introduced Plaintiff to Defendant at a social gathering. (Id. ¶ 25.) As it turned out, Defendant performed his own announcer voice, which Plaintiff first heard at this gathering. (Id. ¶ 28.) There was no discussion of business at this gathering. (Id. ¶ 26.) However, taken with Defendant's voice, Azaria asked him to leave a message on a friend's answering machine using it. (Id. ¶ 29.) Bierko did so, leaving a recording of under 30 seconds, which has since been destroyed, and the contents of which no one seems to remember. (Id. ¶¶ 30–31, 70.)

Following the gathering, Azaria and Bierko "riffed" together regularly, each in his own, yet similar, sports announcer voice. (Id. ¶¶ 33–35.) Then, in 1997, Plaintiff called Defendant to discuss the possible use of the sports announcer voice for an entertainment project he had been considering.[3] (Id. ¶¶ 36.) The following day, Defendant indicated that Plaintiff could not or should not use the voice. (Id. ¶¶ 41–42.) Disappointed, Plaintiff did not pursue that project. (Id. ¶ 43.)

---

[1] The Court notes that Plaintiffs submitted an additional set of facts with their Reply brief, "to rebut certain misstatements of fact contained in Defendant's" statement. (Docket No. 54-2 [Separate Statement] ¶¶ 98–103.) Because they were presented only with the Reply brief, Defendant has had no opportunity to respond to these facts. The submission was therefore improper, and the Court refuses to consider it.

[2] The Parties dispute the exact origination date of this voice. (See SGD ¶¶ 5–6, 11–14.) However, because the precise origination date of the voice is unnecessary to the disposition of this motion, the Court considers only facts that took place after 1986.

[3] Plaintiffs appear at times to concede, for the purposes of this motion, that Azaria actually "asked permission" to use the voice in the 1997 call. (Mem. at 4 n.2.) At other times they contest the issue. (See SGD ¶ 37.) However, as described below, the contents of that call do not affect the outcome of this motion, and the potential dispute is therefore immaterial.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9732 GAF (RZx) | Date | February 21, 2014 |
|---|---|---|---|
| Title | Hank Azaria v. Craig Bierko et al | | |

Over a decade later, in May 2010, a video was released online that included a character created by Plaintiff. (Id. ¶ 47.) The character, named Jim Brockmire, used the sports announcer voice. (Id.) Bierko—believing that the character therefore infringed on his own character ("Sports Announcer Character")—contacted Plaintiff to tell him that he did not have the right to use the voice and character on display in the video. (Id. ¶ 48.) In February 2011, Defendant's counsel sent a letter to Plaintiff to cease and desist use of the character, claiming that it had been created by Defendant. (Id. ¶ 52.)

Defendant has described his Sports Announcer Character as "a white, male baseball announcer," who expresses himself in a "uniquely American and arguably musical" fashion. (Id. ¶ 59.) In addition, he is "between the ages [sic] 45 and 60, professional, well-trained, and shows a tendency towards being psychologically imbalanced." (Id. ¶ 61.) Beyond this, Bierko did not have a name for the character, did not know whether the character was married, had friends, had children, drank alcohol, or used drugs. (Id. ¶ 62.) The only additional description of Sports Announcer Character provided by Bierko relates to his manner of speaking. (Id. ¶ 59.)

Plaintiffs' character, by contrast, is defined by the video in which he makes his lone appearance. (Id. ¶ 47.)[4] He is "a middle-aged white man, wears plaid, a rose at his lapel, owns a lucky pen, has 'old school' values, has a penchant for movies especially 'The Godfather,' loves his wife to death, jovially interacts with his public, has a depth of obscure cultural knowledge, loses his temper uncontrollably, and, works as a baseball announcer." (Id. ¶ 71.)[5] Moreover, the video itself serves as a mock-biopic, with interviews of individuals who describe the fictional Jim Brockmire, his qualities, characteristics, quirks, and various anecdotes about his life and career. (Id. ¶ 47.) Notably, the stories lead to a discussion of Brockmire's on-the-air meltdown and the ensuing implosion of his career days after he had arrived home to discover his wife's involvement with another man. (Id. ¶ 47.)

---

[4] Defendant objects that the video, to which a link was supplied in response to his request for production, is irrelevant and inadmissable. (Docket No. 53-2 [Def. Evidentiary Objections] at 14.) The Court is at a loss to understand how a video in which the Jim Brockmire character makes his only appearance—an appearance in a video format that triggered this very lawsuit—could be irrelevant. As to Defendant's challenge to the authenticity of the video – a dubious challenge if there ever was one – any possible basis for such an argument has been eliminated by Plaintiffs' affidavit verifying the production's accuracy. (Docket No. 54-4 [Decl. of Hank Azaria].) Moreover, Azaria did authenticate the Funny or Die video in connection with his Supplemental Response to Defendant's First Request for Production of Documents. (Docket No. 52-4, [Suppl. Production Response] at 11.) Azaria personally verified the response. (Id.) Accordingly, Defendant's objection is **OVERRULED.**

[5] Defendant objects to this description on the same grounds as described above in Footnote 4. For the same reasons, that objection is OVERRULED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9732 GAF (RZx) | Date | February 21, 2014 |
|---|---|---|---|
| Title | Hank Azaria v. Craig Bierko et al | | |

      Defendant's Sports Announcer Character was ostensibly fixed in a medium twice. (Id. ¶ 70.) The first time was in 1990, when Bierko left the now-lost message on the answering machine of Azaria's friend. (Id.) The second was in an audio clip, made available online, in which Bierko talks as the Sports Announcer Character. (Id.) Neither clip described the character, serving only as a platform for Bierko to speak using Sports Announcer Character's voice. (Id. ¶ 60.)

      The only fixation of the Jim Brockmire character took place in the video described above. (Id. ¶ 47.) How To is the owner of the Jim Brockmire character. (Id. ¶ 46.)[6]

## III.
## DISCUSSION

### A. LEGAL STANDARD

      Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). Thus, when addressing a motion for summary judgment, the Court must decide whether there exist "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).

      The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial, which it can meet by presenting evidence establishing the absence of a genuine issue or by "pointing out to the district court . . . that there is an absence of evidence" supporting a fact for which the non-moving party bears the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). To defeat summary judgment, the non-moving party must put forth "affirmative evidence" that shows "that there is a genuine issue for trial." Anderson, 477 U.S. at 256–57. This evidence must be admissible. See Fed. R. Civ. P. 56(c), (e). The non-moving party cannot prevail by "simply show[ing] that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, the non-moving party must show that evidence in the record could lead a rational trier of fact to find in its favor. Id. at 587. In reviewing the record, the Court must

---

[6] Defendant objects to Plaintiffs' reliance on an agreement between Azaria and How To, produced during discovery in this case. That objection is OVERRULED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9732 GAF (RZx) | Date | February 21, 2014 |
|---|---|---|---|
| Title | Hank Azaria v. Craig Bierko et al | | |

believe the non-moving party's evidence, and must draw all justifiable inferences in its favor. Anderson, 477 U.S. at 255.

Where a plaintiff seeks summary judgment on his causes of action for declaratory relief, he must establish that "the facts alleged, under all the circumstances, show that there is substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Burns v. Unum Life Ins. Co. of America, 2007 WL 1793779, at *3 (N.D. Cal. June 19, 2007).

**B. APPLICATION**

Plaintiffs now seek declaratory relief. Based on the facts described above, they ask the Court to find:

> (1) that the Jim Brockmire character is copyrightable subject matter;
> (2) that Bierko's Sports Announcer Character is not copyrightable;
> (3) that How To is the copyright owner of the Jim Brockmire character;
> (4) that Bierko has no right, title, or interest in the Jim Brockmire character;
> (5) that Bierko is precluded from asserting any copyright ownership over the Jim Brockmire character;
> (6) that Azaria independently created a baseball announcer voice prior to 1983;
> (7) that no understanding precluding Azaria from using a baseball announcer voice was formed at his 1990 meeting with Bierko; and
> (8) that no contract (implied or express) was ever formed between Azaria and Bierko pertaining to anything regarding Bierko's baseball announcer voice.

(Mem. at 25.) These requests require the Court to address four distinct issues: (1) whether How To has a copyright on the Jim Brockmire character; (2) whether Bierko has a copyright on the Sports Announcer Character; (3) if so, whether Jim Brockmire infringes on the Sports Announcer Character; and (4) whether Azaria and Bierko entered into a contract precluding Azaria from using a sports announcer voice. The Court addresses each of the matters in turn.

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9732 GAF (RZx) | Date | February 21, 2014 |
|---|---|---|---|
| Title | Hank Azaria v. Craig Bierko et al | | |

1. THE COPYRIGHTABILITY OF CHARACTERS

Copyright protection applies to (1) a work of authorship that is (2) original and (3) fixed in any tangible medium of expression. 17 U.S.C. § 102(a), (b). Works of authorship include audiovisual works and sound recordings. 17 U.S.C. § 102(a). A work is fixed when its "embodiment in a copy or phonorecord, by or under the authority of the author, is sufficiently permanent or stable to permit it to be perceived, reproduced, or otherwise communicated for a period of more than transitory duration." 17 U.S.C. § 101. Copyright protection does not extend to any idea, but rather to the author's expression that displays the author's originality. 17 U.S.C. § 102(b); Harper & Row Publishers, Inc. v. Nation Enters., 471 U.S. 539, 547 (1985).

But because characters are not ordinarily protected under copyright law, additional elements must be present before such protection can be obtained. Olson v. Nat'l Broad. Co., 855 F.2d 1446, 1452 (9th Cir. 1988). A character may be protected if it constitutes the story being told or if the character has "displayed consistent, widely identifiable traits" that make it particularly distinctive. Halicki Films, LLC v. Sanderson Sales & Mktg., 547 F.3d 1213, 1225 (9th Cir. 2008); Toho Co. v. William Morrow & Co., 33 F. Supp. 2d 1206, 1215 (C.D. Cal. 1998). Copyright protection may be afforded to characters visually depicted in a television series or a movie; even comic book characters with physical and conceptual qualities that embody more than an unprotected idea can achieve such protection. Olson, 855 F.2d at 1452 (providing protectable examples such as Star Wars characters and Superman). Finally, a plaintiff must show that he owns a valid copyright in the work of authorship. Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 361 (1991).

### *a. Plaintiffs' Character: Jim Brockmire*

Plaintiffs assert that they have a copyright in Jim Brockmire based on characteristics that can be observed in the online video released in 2010, and that are described in their statement of fact. (Mem. at 20; SGD ¶ 71.) Defendant's argument against the copyright claim relies almost exclusively on the assertion that the video and documentary evidence showing that the character was fixed in a tangible medium have not been properly authenticated. (Opp. at 7; see Footnotes 4 and 5, above.) However, the Court has overruled those objections, (Footnotes 4 and 5), which essentially leaves Defendant without opposition to this critical element of Plaintiffs' case.

Accordingly, the Court considers whether the characteristics of Jim Brockmire are sufficient to warrant copyright protection. Characters that have only "generic and common" attributes are not copyrightable. Rice v. Fox Broad. Co., 330 F.3d 1170, 1176 (9th Cir. 2003). However, the video in which Jim Brockmire was fixed is expressly designed to distinguish his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9732 GAF (RZx) | Date | February 21, 2014 |
|---|---|---|---|
| Title | Hank Azaria v. Craig Bierko et al | | |

character from all the types and tropes of a generalized sports broadcaster. The title itself makes this clear – "Jim Brockmire, A Legend in the Booth." His personal history and physical appearance—down to his marital relationship, lucky pen, career arc, volatile temper, affinity for specific cultural trivia, plaid jacket, red tie, the rose on his lapel, and the classic sign off to his wife—are at least as individualized as several characters whose copyrights have been recognized in this District. See e.g., Toho Co., 33 F. Supp. 2d at 1216 (finding a trademark in Godzilla, even though the creature's back-story and physical appearance had been inconsistent, because it was recognizably a "pre-historic, fire-breathing, gigantic dinosaur alive and well in the modern world."); Metro-Goldwyn-Mayer, Inc. v. American Honda Motor Co., 900 F. Supp. 1287, 1297 (C.D. Cal. 1995) (extending copyright protection to James Bond); Anderson v. Stallone, 1989 U.S. Dist. LEXIS 11109, at *22–23 (C.D. Cal. 1989) (finding that Rocky Balboa could be copyrighted). Moreover, the video cleverly uses identifiable, highly successful sports announcers to further define the Jim Brockmire character by describing his relationship to other broadcasting giants in baseball broadcasting history. Examples include Joe Buck saying, "Jim Brockmire, hands down, best ever;" Rich Eisen acknowledges that "the Brockmire style was ahead of its time," and admits that ESPN's Sports Center anchors' use of cultural references and catch phrases from movies were rip offs of the Brockmire style.

In short, the video at the center of this case focuses solely on the Brockmire character's attributes—indeed, there is no story development whatsoever that is divorced from this effort. It is therefore like those character driven movies where audiences watch more for the character – Tarzan, Superman, Sherlock Holmes, or James Bond – than the story. Metro-Goldwyn-Mayer, 900 F. Supp. at 1297. For these reasons, the Court finds that Jim Brockmire is sufficiently distinct to warrant copyright protection; and it is undisputed that How To has that copyright. (SGD ¶ 46.)

### b. *Defendant's Character: Sports Announcer Character*

By contrast, the depiction of Bierko's Sports Announcer Character is extremely vague. Defendant has offered no description of him other than that he is "a white, male baseball announcer," who expresses himself in a "uniquely American and arguably musical" fashion. (SGD ¶ 59.) In addition, he is "between the ages [sic] 45 and 60, professional, well-trained, and shows a tendency towards being psychologically imbalanced." (Id. ¶ 61.)

None of these characteristics would serve to distinguish Sports Announcer Character from any actual baseball announcer sitting in the booth on a given game-day. Moreover, even these limited personal details have never been fixed in a tangible medium. The only two potential instances of fixation—the 1990 message left for Azaria's friend, and the later audio

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9732 GAF (RZx) | Date | February 21, 2014 |
|---|---|---|---|
| Title | Hank Azaria v. Craig Bierko et al | | |

recording—featured Bierko speaking in the Sports Announcer Character's voice. (Id. ¶ 60.) But they did not reveal any of the character's ostensible attributes. For instance, the fixations are audio only, and that audio does not speak about his age or ethnicity. (Id.)

The remaining characteristics of Sports Announcer Character all pertain to his vocal patterns and intonations. (Id. ¶ 59.) For instance, he "expresses himself in a driving, percussive cadence beneath high open vowel tones which drop suddenly and severely into a low, resonant bottom . . . ." (Id.) Unfortunately for Defendant, "[a] voice is not copyrightable." Midler v. Ford Motor Co., 849 F.2d 460, 462 (9th Cir. 1988) (no preemption where car company used "sound alikes" in television commercials). Accordingly, the Court finds that Sports Announcer Character, at least as he currently exists, is not copyrightable.

### c. *Plaintiffs' Infringement on Sports Announcer Character*

Because the Court has found that Bierko's character is not subject to copyright, it is unnecessary to evaluate whether the Jim Brockmire character is infringing.

### 2. THE FORMATION OF AN IMPLIED CONTRACT

Finally, Plaintiffs have asked the Court to determine whether an implied contract existed between Azaria and Bierko "whereby Azaria agreed never to exploit Bierko's baseball announcer voice without Bierko's permission." (Mem. at 3.)[7] Defendant asserts that an implied contract was formed in 1997, when Azaria contacted Bierko about using the sports announcer voice (though not the Jim Brockmire character) for an entertainment project. (Opp. at 14.)

For an implied-in-fact contract to exist, one must show: (1) that he or she prepared the work in question; (2) that he or she disclosed the work to the offeree for sale; (3) that under all circumstances attending disclosure it can be concluded that the offeree voluntarily accepted the disclosure knowing the conditions on which it was tendered (i.e., the offeree must have the opportunity to reject the attempted disclosure if the conditions were unacceptable); and (4) that the work had reasonable value. Faris v. Enberg, 97 Cal. App. 3d 309, 318 (Cal. App. 2d Dist. 1979) (citing Desny v. Wilder, 46 Cal. 2d 715, 744 (Cal. 1956)); see also Ousley v. Krasnow, 2011 Cal. App. Unpub. LEXIS 5386, at *10–11 (Cal. App. 2d Dist. July 19, 2011).

---

[7] Plaintiffs rely in part on an assertion that Jim Brockmire was an independent creation, and therefore no implied contract could have been formed regarding the character. (Mem. at 21.) However, the evidence is undisputed that Jim Brockmire was created after Azaria and Bierko began "riffing" with their sports announcer voices, and the independent creation theory therefore holds little weight.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9732 GAF (RZx) | Date | February 21, 2014 |
|---|---|---|---|
| Title | Hank Azaria v. Craig Bierko et al | | |

The Court is careful here to distinguish between the characters claimed by the Parties and the voices they utilize. In other words, the "work in question" is not the Jim Brockmire character, or the Sports Announcer Character, but the "sports announcer voices" used at least as far back as the 1990 meeting between Azaria and Bierko.

Neither party contests the proposition that Bierko prepared his own sports announcer voice, or that he disclosed that voice to Azaria. (SGD ¶ 28.) However, Defendant has presented no evidence whatsoever that could indicate he disclosed the sports announcer voice to Azaria "for sale." Rather, he admits that the 1990 social gathering, where the voice was first disclosed, "did not involve any discussion of business." (Id. ¶ 26.)

Perhaps recognizing this, Defendant claims that the contract derived not from his 1990 disclosure of the voice, but from his 1997 conversation with Azaria. (Opp. at 14) (describing "the 1997 agreement.") However, no disclosure took place during this conversation that could support the existence of an implied contract—the evidence before the Court is undisputed that the conversation between Azaria and Bierko was about whether Azaria could use a voice which had already been developed. (SGD ¶¶ 36, 37.)

In other words, when the voice was disclosed in 1990, there was no sale. And when the voice was ostensibly "sold" in 1997, there was no disclosure. The voice was therefore never "disclosed for sale," and cannot be the subject of an implied contract. Faris, 97 Cal. App. 3d at 318.

### 3. THE RELIEF REQUESTED

For the reasons described above, the Court finds (1) that the Jim Brockmire character is copyrightable subject matter; (2) that Bierko's Sports Announcer Character, as he currently exists, is not copyrightable; (3) that How To is the copyright owner of the Jim Brockmire character; (4) that Bierko has no right, title, or interest in the Jim Brockmire character; (5) that no understanding precluding Azaria from using a baseball announcer voice was formed at his 1990 meeting with Bierko; and (6) that no contract was ever formed between Azaria and Bierko pertaining to anything regarding Bierko's baseball announcer voice. (See Mem. at 25.) However, two of the rulings sought by Plaintiffs—that Bierko should be precluded from asserting any copyright ownership over the Jim Brockmire character, and that Azaria independently created a baseball announcer voice prior to 1983—are not suitable for disposition in this motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 12-9732 GAF (RZx) | Date | February 21, 2014 |
|---|---|---|---|
| Title | Hank Azaria v. Craig Bierko et al | | |

The first request, that Bierko be precluded from asserting any ownership in the Jim Brockmire character, is actually a request for an injunction, not a request for declaratory relief. Plaintiffs have not made or attempted to make the showing required in order to obtain an injunction. The second request, that the Court find Azaria to have independently created a baseball announcer voice prior to 1983, is not adequately supported by the statement of facts. While the facts indicate that Azaria was using the voice prior to that time, (SGD ¶¶ 5, 9), there is no indication that his creation of the voice was "independent."

### III.
### CONCLUSION

For the reasons given above, the Court **GRANTS** Plaintiffs' motion for summary judgment. The hearing previously scheduled for Monday, February 24, 2014, is hereby **VACATED**. Plaintiffs are to prepare and submit a proposed final judgment, consistent with this order for the Court's signature. The proposed judgment must be lodged with the Court no later than the close of business on February 28, 2014.

**IT IS SO ORDERED.**